# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CLUB AT SHORES OF PANAMA INC.,**
Et. al.,

    **Appellants,**

v.                                       **CASE NO. 5:14-cv-42-RS-EMT**

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION as the Receiver of**
**SILVERTON BANK, N.A., et al.,**

    **Appellees.**
_____/

## ORDER

Before me is a bankruptcy appeal filed by Club at Shores of Panama, Inc., Shores of Panama Restaurant Holdings, LLC, BB Communications, LLC, Shores Beach Services, LLC and Charles K. Breland. Doc. 1. The Appellants filed a brief (doc. 15), the Appellees filed their answer briefs (docs. 22, 23), and the Appellants filed their reply brief (doc. 30).

Through this appeal, Appellants seek review of the Bankruptcy Court's order denying relief under Rule 60(b) without an evidentiary hearing. The Appellants have requested that I set a time for oral arguments. Doc. 15. However, because "the facts and legal arguments are adequately presented in the briefs and record

and the decisional process would not be significantly aided by oral argument[,]" I have determined that oral argument is not needed. Bankruptcy Rule 8012.

## STANDARD OF REVIEW

In a bankruptcy case, the district court functions as an appellate court in reviewing the bankruptcy court's decision. *See In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000); *see also* 28 U.S.C. § 158(a). Accordingly, I must review the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Farmers & Merchants State Bank v. Turner*, 518 B.R. 642, 648 (N.D. Fla. 2014) (citing *In re Optical Techs., Inc.,* 425 F.3d 1294, 1299–1300 (11th Cir.2005)); *see also* Bankruptcy Rule 8013.

## BACKGROUND

Shores of Panama, Inc, ("Debtor") was the developer of a condominium project (the "Project") in Panama City Beach, Florida. The Project was financed by a loan from Vision Bank, secured by a mortgage (the "Mortgage") on the real property on which the Project was situated. After the mortgage was recorded, the Debtor conveyed certain easements (the "Easements") to entities affiliated with the Developer and its principal, Appellant Breland.

For reasons unrelated to this appeal, the Project failed. On February 26, 2008, Debtor filed a petition seeking Chapter 11 bankruptcy protection. As part of that proceeding, on December 18, 2008, creditor Silverton Bank ("Silverton"), as

the successor - owner of the Mortgage, filed a motion requesting an order on the following: (I) authorizing the Sale of Shores of Panama Property Free and Clear of All Liens, Claims, Interests, and Encumbrances; (II) Scheduling and Approving the Terms and Conditions of An Auction; (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases; and (IV) Scheduling Hearings to Approve the Sale and the Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases by the Debtor Pursuant to Sections 363(b), 363(j), and 365(j) of the Bankruptcy Code (the "Sale Motion"). Doc. 22-1 at 3. Debtor objected to the Sale Motion, arguing that the Sale Motion could not reach certain rights in easements. Doc. 22-2 at 1. None of the entities bringing this appeal joined in that objection.

Despite Debtor's objection, on February 2, 2009, the bankruptcy court entered an Amended Order (i) Scheduling and Approving the Terms and Conditions of an Auction; and (ii) Scheduling Hearings to Approve the Sale and Assumption and Assignment or Rejection of Certain Executory Contracts and Unexpired Leases ("Amended Procedures Order"). Doc. 22-2 at 18. By the express terms of the Amended Procedure Order the bankruptcy court found that, "the principal of the holders of the Affiliate Easements [Appellant Breland]" agreed to the sale of all of Debtor's property free and clear of the Easements. Doc. 22-2 at 21(f).

Pursuant to the Amended Procedures Order, an auction was held on March 5, 2009. Silverton was the winning bidder, and conveyed its rights to Shores of Panama Collateral, LLC, as designee of Silverton. The following day, the bankruptcy court held a hearing on Silverton's Motion to Approve the Sale of Property Free and Clear of Liens and to Approve the Assumption and Assignment of Certain Contracts from the Purchaser. Present at that hearing were two attorneys for the Debtor, whose sole officer and director was Appelant Breland. After hearing testimony and arguments, the bankruptcy court entered an order approving the sale ("Sale Order"). Doc. 22-2 at 40.

On March 26, 2009, Debtor executed a Special Warranty Deed in favor of grantee Shores of Panama Collateral, and that deed was recorded on March 27, 2009. Appellees Panama Holdings, LLC, Panama Partners, LLC, Shores of Panama, LLC, Shores of Panama Club, LLC, and Shores of Panama Commercial, LLC (collectively, the "Bulk Buyers") are successors-in-title to Shores of Panama Collateral, and are therefore parties-in-interest with regard to Appellants' challenge to the rights conveyed pursuant to the Sale Order.

Over four years later, on October 11, 2013, Appellants moved for relief from the Sale Order pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion"). The Motion raised several arguments, one of which was that the bankruptcy court "lacked jurisdiction over the pre-petition purchasers and over the easements." The

Bulk Buyers and the FDIC objected to the relief sought in the Motion, both on the merits and because the Motion was untimely.

On November 21, 2013, the bankruptcy court held a hearing on the Motion. At the hearing, the bankruptcy judge found that the Motion was untimely under Rule 60(b), and that Appellants had "consented to the sale free of their interest and claims." Finally, she rejected Appellants' argument that a bankruptcy court lacks jurisdiction to extinguish an easement, observing that her understanding of the law in bankruptcy "for the past thirty plus years" has been that a bankruptcy court has jurisdiction to sell an easement in property.

Appellants timely appealed, raising only one of the arguments in the Motion. Appellants contend that the bankruptcy court committed reversible error by denying the Appellants' Rule 60(b)(4) Motion for relief from a void judgment because the bankruptcy court denied it as it being untimely. Additionally, they also claim they were denied the right to an evidentiary hearing on their motion.

## ANALYSIS

The question of whether an order is void under Rule 60(b) is a legal question, and therefore, the standard of review is *de novo. Burke* v. *Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001). In reviewing the lower court's decision *de novo,* the appellate court reviews the judgment, not the soundness of the lower court's explanation for its ruling. *Collado* v. *United Parcel Service, Co.,* 419 F.3d 1143,

1151 (11th Cir. 2005). If the appellate court can find any basis for the entry of the judgment, the ruling must be affirmed, even if the lower court relied upon an incorrect ground or reason in support of its ruling. *Turner* v. *Am. Federation of Teachers Local* 1565, 138 F. 3d 878, 880 n.1 (11th Cir. 1998).

According to Appellants, the bankruptcy court erred in holding that the Motion was untimely to the extent that it applied the 'reasonable time' standard set forth in the Federal Rules of Civil Procedure Rule 60(c)(1) to Appellants' Rule 60(b)(4) arguments. Doc. 15. Generally, "the finality of a Bankruptcy Court's orders following the conclusion of direct review would stand in the way of challenging their enforceability." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70 (2010). However, Rule 60(b) provides an exception, and allows a party to seek relief from a final judgment under a limited set of circumstances. *See* Fed. R. Civ. P. 60(b). Specifically, Rule 60(b)(4) allows a court to relieve a party from a final bankruptcy judgment if "the judgment is void". Fed. R. Civ. P. 60(b)(4). Pursuant to Rule 60(c), such motion "must be made within a reasonable time . . . after the entry of the judgment or order . . .." Fed. R. Civ. P. 60(c).

The Eleventh Circuit has held that the "burden of proof in a Rule 60(b)(4) motion rests" with the Appellants. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298-99 (11th Cir. 2003). In *United Student Aid Funds, Inc. v. Espinosa,* the Supreme Court of the United States analyzed a Rule 60(b)(4) motion. In that case,

The Supreme Court cautioned that a "judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds*, 559 U.S. at 270. Additionally, a Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Id.* "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. When considering a Rule 60(b)(4) motion, federal courts have generally "reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.*

In Appellants' Rule 60(b) Motion and in their brief (doc. 15), Appellants argue that the bankruptcy court lacked subject matter jurisdiction to transfer the Easements. Therefore, according to Appellants, the judgment is void. Doc. 15. "[P]arties cannot waive subject matter jurisdiction, and [I] may consider subject matter jurisdiction claims at any time during litigation."*In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (11th Cir. 2014).

Under Section 363(f), a sale of property free and clear of any interest in such property of an entity other than the estate is permissible in five scenarios:

> (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) Such entity consents;
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) Such interest is in bona fide dispute; or

> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f). The express language of § 363(f)(2) allows third parties to consent to the extinguishment of easements. Thus, if there is consent, the bankruptcy court has jurisdiction to transfer the easements. Therefore, the bankruptcy judgment was not premised on a jurisdictional error. *See United Student Aid Funds,* 559 U.S. at 270. Instead, the issue is whether the bankruptcy court was clearly erroneous when it determined that the Appellants consented to the sale of the Easements.

In this case, the bankruptcy court found that the Appellants expressly and impliedly consented to the Sale Order. Doc. 17. Reviewing the record, I cannot find that the bankruptcy court's finding of fact is clearly erroneous. At the November 21, 2013, hearing, the bankruptcy judge not only found that the motion was not filed within a reasonable period of time, but she also found that "adequate proper and timely notice" was given to the parities of the sale, and the parties were given a reasonable opportunity to object or be heard. *Id.* Additionally, the Appellants specifically "consented to the sale free of their interest and claims." *Id.*

Further, a lower court's decision to grant or deny an evidentiary hearing on a Rule 60(b) motion is reviewed only for an abuse of discretion. *See Cano* v. *Baker,* 435 F.3d 1337, 1343 (11th Cir. 2006).The Appellants argue that the bankruptcy court erred in not allowing an evidentiary hearing before denying the Motion. Doc.

15. The Appellants contend that "If the allegations in a Rule 60(b) motion 'if proven, would justify relief,' a district court must hold an evidentiary hearing to determine the truth of those allegations." *Id.* (citations omitted). The bankruptcy court did not abuse its discretion when it found that the evidence presented at the hearing was sufficient to determine that Appellants consented to the sale, and that the bankruptcy courts had jurisdiction to sell the Easements.

## CONCLUSION

For these reasons, the Order of the bankruptcy court is **AFFIRMED**.

**ORDERED** on January 28, 2015.

>  **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**