# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**CLUB AT SHORES OF PANAMA INC.,**
**Et. al.,**

       **Appellants,**

**v.**                           **CASE NO. 5:14-cv-42-RS-EMT**

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION as the Receiver of**
**SILVERTON BANK, N.A., et al.,**

       **Appellees.**
_____/

## <u>ORDER</u>

Before me are Appellants' Motion for Rehearing and Incorporated Memorandum of Law (Doc. 38), and Appellees' Joint Response to Appellants' Motion for Rehearing (Doc. 41).

Through this appeal, Appellants seek review of the Bankruptcy Court's order denying relief under Rule 60(b) without an evidentiary hearing. On January 28, 2015, I affirmed the Bankruptcy Court's order. Doc. 36. Pursuant to Rules 8013 and 8022 of the Federal Rules of Bankruptcy Procedure, Appellants' have timely filed a motion for rehearing and argue that I should vacate my January 28, 2015, Order and remand this case to the Bankruptcy Court for further evidentiary hearings.

Federal Rule of Bankruptcy Procedure 8022 provides that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022. Appellants have raised three issues in their motion.

First, Appellants argue that "when a federal trial level court determines that it lacks jurisdiction over a matter and does not address the merits, an appellate court must confine its review solely to the jurisdictional issue." Doc. 38. Appellants do not cite any Eleventh Circuit opinions supporting their position. Nevertheless, the issue on appeal was whether the bankruptcy court committed reversible error by denying the Appellants' Rule 60(b)(4) Motion for relief from a void judgment because the bankruptcy court denied it as it being untimely. The question of whether an order is void under Rule 60(b) is a legal question, and therefore, the standard of review is *de novo. Burke* v. *Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001).

Appellants argued that the judgment was void because the bankruptcy court lacks jurisdiction to extinguish an easement. When considering a Rule 60(b)(4) motion, federal courts have generally "reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271

(2010). Pursuant to the express language of 11 U.S.C. § 363(f), a bankruptcy court has jurisdiction to extinguish an easement. Therefore, the bankruptcy judgment was not premised on a jurisdictional error. *See United Student Aid Funds,* 559 U.S. at 270. Pursuant to Rule 60, unless the judgment is void, a Rule 60 motion "must be made within a reasonable time . . . after the entry of the judgment or order . . .." Fed. R. Civ. P. 60(c). Appellants motion for relief from the Sale Order, filed four years after judgment was entered, is untimely.

The other issues presented by the Appellants were not briefed in Appellants' Initial Brief (Doc. 15). Appellants now argue that in order to effectively extinguish the Easements, the purchaser had to affirmatively elect extinguishment, which it did not. Additionally, according to Appellants, the Trustee never approached Appellants to obtain the necessary consent to extinguish the Easements. "There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant "two bites at the apple." *Am. Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Furthermore, the purported facts do not support a finding that bankruptcy courts lack subject matter jurisdiction to extinguish easements.

Accordingly, the relief requested in Appellants' Motion for Rehearing and Incorporated Memorandum of Law (Doc. 38) is **DENIED.** Additionally, the relief requested in Appellants' Motion for Leave to File Reply Memorandum Regarding Appellants' Motion for Rehearing and Appellees' Joint Response (Doc. 42), and Appellants' Motion to Supplement the Appellate Record (Doc. 43) is **DENIED.**

**ORDERED** on March 9, 2015.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**